ANTWERP WEATHERHEAD FEDERAL
CREDIT UNION *v.* GONZALES ET AL.

(Nos. Y-516 and Y-850—Decided
November 12, 1982.)

Court of Common Pleas of
Paulding County.

*James P. Spriggs,* for plaintiff.
*Weaner, Hutchinson, Zimmerman
& Bacon* and *Stanley J. Yoder,* for
defendant Dietrich Industries, Inc.

HITCHCOCK, J. Plaintiff, Antwerp

Weatherhead Federal Credit Union,
charges defendant Dietrich Industries,
Inc. ("Dietrich"), employer of its judgment debtors, Alonzo Gonzales and
Robert L. Miles, with contempt.

These charges raise issues under the
aid in execution and/or garnishment
statutes. No. Y-516 refers to a page in
volume "Y" of the judgment docket of
this court where the certificate of judgment on file shows that:

Plaintiff recovered judgment
against Alonzo Gonzales in the County
Court of Paulding County, Ohio, under
case No. 78-CVI-390, for $509 and costs
of $15.95 on November 30, 1978. This
certificate of judgment was filed with
the clerk on March 18, 1980 at 10:15
a.m. The record also reflects a number
of garnishment proceedings and payments thereafter, and at page 617 of an
appendix that an order of garnishment
was served on Dietrich on March 1, 1982
and answered that same day: "(Garnished by Allen Co., IN) copy to Attorney."

Thereafter notice of this charge of
contempt was served upon Dietrich and
these cases were brought to the court's
attention. Gonzales presently resides in
Ohio.

No. Y-850 likewise indicates a page
in volume "Y" of the judgment docket of
this court where the certificate of judgment on file indicates that:

Plaintiff recovered judgment
against Robert L. Miles and Patricia
Miles in the County Court of Paulding
County, Ohio, under case No. 81-CVF-443 for $603.94, and costs of $15.45 on
January 11, 1982. This certificate was
filed with the clerk on January 28, 1982
at 9:30 a.m. A continuation of this
record shows that an order of garnishment was served on Dietrich March 12,
1982; and that Dietrich answered the
same day stating: "Garnished by Allen
Superior Court."

The court has not been given a copy
of this order issued by the Indiana court

but counsel assert it is like the order issued against Gonzales. Miles presently resides in Indiana.

Dietrich is a Pennsylvania corporation licensed to do business in both Ohio and Indiana. It has a plant located in Hicksville, Defiance County, Ohio where both judgment debtors are employed in work done at that location; and another plant in Hammond, Lake County, Indiana.

### Re Gonzales

In addition to the foregoing it is stipulated that Business Revenue Systems of America, Inc., d.b.a. General Collections, Inc., in Allen Superior Court, Small Claims Division, Fort Wayne, Indiana, in case No. SC 81-9698, obtained a judgment against Gonzales prior to March 1, 1982, which was unpaid on that date.

On February 2, 1982, said superior court issued a garnishment notice directly to Dietrich at its Hicksville address. Dietrich, upon advice of counsel, honored this notice and withheld earnings from Gonzales, believing that if this particular order were not honored, a notice the corporation could not avoid would be served upon the corporation at its plant located in Indiana.

It should not be overlooked that the garnishment laws of Ohio and Indiana vary greatly. See, *e.g., Hodgson* v. *Cleveland Municipal Court* (N.D. Ohio 1971), 326 F. Supp. 419, 55 O.O. 2d 142. Ohio law requires a written demand upon the basic debtor giving him an opportunity to avoid garnishment, followed by an order of garnishment obtained thereafter, by a separate application to the court, for service upon an appropriate garnishee currently indebted to the debtor, and no order in garnishment can be made against the garnishee of the principal debtor more often than once every thirty days. Nor is this latter requirement pre-empted by any federal law. *Hodgson* v. *Hamilton Municipal Court* (S.D. Ohio 1972), 349 F. Supp. 1125, 60 O.O.2d 309. Both cases illustrate that R.C. 2329.62(C)(1) and 2329.66(G)(1) did not then provide for more limited garnishments than were allowed under federal law as per Section 1677, Title 15, U.S. Code; also, in 1971, R.C. 1911.332, as to lines 4, 5, and 6 of Section (B), "Answer of Employer (Garnishee)," and lines 2, 3, and 4 of "Payments to Avoid Garnishment" of R.C. 2715.02, were expressly pre-empted by Sections 1673(a) and (c), Title 15, U.S. Code.

The above-mentioned U.S. Code sections are part of the Consumer Credit Protection Act first adopted by Congress on May 29, 1968 as P.L. 90-321, 82 Stat. 146. Amended numerous times, it was last amended October 15, 1982.

Indiana law, on the other hand, has authorized, since October 1, 1977, a single garnishment order upon the employer of a debtor as garnishee, stating:

"1. That Garnishee Defendant, withhold from the earnings of the Defendant, the following sums:

"25% of said earnings after subtracting income tax and social security withholdings and the sum of $100.50 (insert 30 x federal minimum hourly wage) per week.

"2. That withholding of said amounts shall be continued until the following is fully paid:

"(details of judgment, costs, interest and issuance costs to show Total Amount Owing) together with legal interest.

"3. The Garnishee Defendant is ordered to pay to the Clerk of this Court the withheld amounts every 30 days."

It is perceived that this method obtains for the creditor the maximum allowed by the above-mentioned Consumer Credit Protection Act.

In No. Y-516 there issued from this court on February 25, 1982 a document titled, "Affidavit, Order and Notice of

Garnishment and Answer of Garnishee," made at plaintiff's request, informing Dietrich that "you owe the defendant (Gonzales) money for personal earnings and that some of that money may not be exempt from execution or attachment under the laws of the state of Ohio" and directing Dietrich to "complete Section B of this form, return the original of this form, together with any amount shown due thereon to the Common Pleas Court. * * * Deliver one copy of this form to the defendant. Keep the other copy of the form for your files." There followed a statement that:

"Plaintiff's judgment is   $110.44

"Estimated Court Costs are   8.50

"Total Probable Amount

    Owed is         $118.94"

The first portion of this document (the whole contains much small print and fully occupies each side of a legal size sheet except for slightly less than one-half page with respect to service when personally made) is entitled, "Section B. Answer of Employer (Garnishee)," and contains seven interrogatories. In pertinent part, Deitrich answered:

"1. Defendant is in my/our employ (1) _X_ yes __ no

If answer is 'No' give date of last employment.

"2. (A) Has defendant been garnished within 30 days preceding the date of service of this form? If the answer is 'Yes,' give the prior court and case number, then omit questions 3, 4, 5, 6 and 7; sign the form and return it to the court. _X_ yes __ no

"(2) Allen Co. In. Court Case No. Sc81-9698."

The document also stated that the order was served on Dietrich on February 26, 1982, and it was signed and returned by "R. A. Nelson, Ind. Rd. Mgr." the same date.

### Re Miles

As noted introductorily Miles, a resident of Indiana, is also a judgment debtor in the Allen Superior Court, Fort Wayne, Indiana, but no details concerning that judgment have been furnished the court.

### Issues

Plaintiff states the issue is: "Can the Allen Superior Court, a Court located in Allen County, Indiana, lawfully garnish wages of the defendant located in Ohio where the defendant is a resident of Ohio, to the exclusion of a cause of action and garnishment issued from an Ohio court instituted in Ohio and created in Ohio?" and urges that the correct answer is, "No."

The employer-garnishee says the issues are:

"1. Can an Indiana corporation, also doing business within the State of Ohio, receive and satisfy garnishments sent by an Indiana court and due as the result of an Indiana judgment against either a non-resident or resident defendant?

"2. If the Indiana garnishments can be satisfied by the Hicksville plant, do the Codes of Ohio or Indiana control as to the amounts that may be garnished and the time periods in which garnishments may be obtained?"

This court cannot concur that either the plaintiff or garnishee has correctly formulated the legal issues created by the facts submitted to the court.

This court must conclude that:

1. The maximum amount which may be garnished or otherwise attached from the wages or salary or any one person paid weekly, bi-weekly, bi-monthly, or monthly is prescribed by the U.S. Consumer Credit Protection Act, Section 1601 *et seq.*, Title 15, U.S. Code, of which Sections 1671-1677 pertain to garnishment, and it makes no difference how many judgment creditors with valid judgments from a number of states are striving to recover from such person.

2. Said Act permits individual states to provide no garnishment pro-

cedure or to restrict garnishment to sums or percentages less than those set as maximums under the Consumer Credit Protection Act.

3. Ohio's Garnishment Act, R.C. 2715.11 through 2715.19,[1] now permits the garnishment of less than the maximum permitted by the federal Act, while Indiana's permits the maximum, and Pennsylvania, the source of Dietrich's corporate charter, has no garnishment law of wages except for child and spouse support.

Turning now to Section 68 of the Restatement of the Law 2d, Conflict of Laws (1969) 210-211, we find this black letter statement:

"Garnishment of Person Owing Debt to Principal Debtor.

"A state has power to exercise judicial jurisdiction to apply to the satisfaction of a claim an obligation owed to the person against whom the claim is asserted if the obligor is subject to the judicial jurisdiction of the state, even though the state lacks jurisdiction over the person against whom the claim is asserted."

The court must therefore conclude that Dietrich, a corporation doing business in Indiana and as such subject to the law of Indiana, is not in contempt because, at its place of business in Ohio, it honored the order of an Indiana court garnishing the pay of one employee residing in Ohio and that of another residing in Indiana.

Further, this court will follow the usual rule of priority in time of receipt of a garnishment order as governing priority of right of claimant to receive legal relief. This rule is not disturbed by the U.S. Consumer Credit Protection Act which expressly authorizes the enactment of state laws providing for no garnishment and/or the garnishment of a lesser percentage of earnings than permitted by said Act. Indiana has seen fit to make its garnishment statute identical, for practical purposes, to the Act in respect to the maximum percentage of earnings which may be garnished. Ohio has chosen a procedure much more cumbersome in application and less effective in results.

The court has reviewed the pronouncements of the Supreme Court of the United States in a number of garnishment cases and finds nothing in them inconsistent with this opinion.

Dietrich may have a declaratory judgment that the U.S. Consumer Credit Protection Act governs the frequency and maximum amount of any garnishment order made by any court of any state in which Dietrich is licensed to do business and to whose jurisdiction it is subject.

*Judgment accordingly.*

SLAGLE, ADMR., *v.* COCA-COLA, INC. ET AL.

---

[1] By the recent passage of Am. Sub. H. B. No. 254, effective August 26, 1982, this law has been largely amended and rewritten. Upon first reading it appears to retain in large measure the chief debtor protection devices of the former law.