SCOTT, Appellant,

v.

HALL, Appellee.

[Cite as *Scott v. Hall* (1988), 61 Ohio App.3d 616.]

Court of Appeals of Ohio,
Montgomery County.

No. 10930.

Decided Dec. 13, 1988.

Bogin & Patterson and Craig T. Matthews, for appellant.

James S. Armstrong, for appellee.

BROGAN, Judge.

Although this case has had a long and arduous history, the sole question presented by this appeal is whether R.C. 2716.03 precludes a judgment creditor from garnishing a judgment debtor's personal earnings from more than one employer in any given thirty-day period.

By decision and entry of March 16, 1988, the Dayton Municipal Court concluded that the continued reference in R.C. 2716.03(B) to the word "proceeding" indicates a singular action. The court then held that a judgment creditor is permitted only one order of garnishment, regardless of the number of debtor's employers, per allowable time period.

R.C. 2716.03(B) provides, in part:

"No *proceeding* in garnishment of personal earnings shall be brought *against a judgment debtor* sooner than thirty days after the filing of the last successful proceeding in garnishment of personal earnings against the judgment debtor, regardless of who brings the proceeding or who brought the last successful proceeding." (Emphasis added.)

We agree that the statute refers to a singular proceeding. However, the limitation on the proceeding is against the judgment debtor and not against the judgment debtor's employer or employers. R.C. 2716.03(B) procedurally bars a proceeding against a judgment debtor sooner than thirty days.

Although we have not found any case law on point, we hold that more than one employer is contemplated when a state must determine how much of a judgment debtor's earnings may be subject to garnishment.

The case of *Antwerp Weatherhead Fed. Credit Union v. Gonzales* (1982), 30 Ohio Misc.2d 31, 30 OBR 349, 507 N.E.2d 472, held in paragraph two of the syllabus that:

"The United States Consumer Credit Protection Act, Section 1601 *et seq.*, Title 15, U.S.Code, governs the *frequency* and *maximum amount* of any garnishment order made by any court of any state in which the garnishee-employer of the debtor is licensed to do business and to whose jurisdiction it is subject." (Emphasis added.)

The Consumer Credit Protection Act at Section 1673, Title 15, U.S.Code provides:

"(a) Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the *aggregate* disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed

"(1) 25 per centum of his disposable earnings for that week, or

"(2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of Title 29 in effect at the time the earnings are payable, whichever is less. In the case of earnings for any pay period other than a week, the Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2)." (Emphasis added.)

The federal statute has nothing to do with the procedure for garnishment of wages (*Hodgson v. Hamilton Municipal Court* [S.D.Ohio 1972], 349 F.Supp. 1125); it affects only the state's formula for determining how much of a debtor's earnings may be subject to garnishment.

The statute refers to the "aggregate disposable earnings of an individual for any workweek." The term "aggregate" is defined in Black's Law Dictionary as "Entire number, sum, mass, or quantity of something; total amount; complete whole." The reference in Section 1673, Title 15, U.S.Code to "aggregate disposable earnings" indicates that the total amount of the disposable earnings of an individual from all employers for any workweek is subject to garnishment.

The intent of the Consumer Credit Protection Act was to make sure that wage earners were able to take home at least seventy-five percent of their take-home pay in any given pay period to meet their basic needs. *In re*

*Kokoszka* (C.A.2, 1973), 479 F.2d 990, affirmed *sub nom. Kokoszka v. Belford* (1974), 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374, rehearing denied (1974), 419 U.S. 886, 95 S.Ct. 160, 42 L.Ed.2d 131.

A judgment creditor who is permitted to garnish not more than twenty-five percent of a judgment debtor's disposable earnings for a week, from two different employers, has not left the judgment debtor with less than seventy-five percent of the debtor's disposable earnings for that week to meet basic needs.   See R.C. 2329.66(A)(13)(b) and (B)(1).

We hold that a judgment creditor may garnish a judgment debtor's personal earnings from more than one employer in a single proceeding against the judgment debtor, but no sooner than thirty days after the filing of the last successful proceeding in garnishment.

The judgment of the municipal court is reversed and the cause is remanded for further proceedings according to law.

*Judgment accordingly.*

WILSON and MCBRIDE, JJ., concur.

ROBERT L. MCBRIDE, J., retired, of the Second Appellate District, sitting by assignment.