DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas, Probate Division, that entered summary judgment in favor of appellees Erie County Humane Society, et al. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellants Beverly Waldecker, et al. set forth the following assignments of error:
 {¶ 3} "I. The last will and testament of Ruth Ann Lovett created an honorary trust for the care of Sinbad the cat. Upon the failure of that trust, the estate funds are to be returned to the estate for residuary distribution.
 {¶ 4} "II. The trial court used an improper standard when it granted appellees' motion for summary judgment."
 {¶ 5} The last will and testament of Ruth Ann Lovett has been the subject of litigation for nearly seven years. Lovett died in December 1996, and at the time of her death, her only living relatives were several nieces and nephews and a sister. Her will was submitted to probate in January 1997, and appellee John Pfefferle was appointed as executor. Item III of the will, the portion at issue in this case, provides as follows:
 {¶ 6} "At the time of the execution of this, my Last Will and Testament, I acknowledge that my only living relatives are a sister, brother, nieces and nephews. As my sister, brother, nieces and nephews have no need of financial assistance from me, and [sic] I have specifically not provided for them in my Will.
 {¶ 7} "All my life I have been an animal lover and specifically have had cats as friends and companions, and therefore, all my property, whether real, personal or mixed, of whatsoever character and wheresoever situated, which I may now own or hereafter acquire, or have the right to dispose of at the time of my decease, I give, devise, and bequeath to the Erie County Humane Society, 220 W. Perkins Avenue, Sandusky, Ohio
 {¶ 8} 44870. I direct that the Erie County Humane Society shall out of the proceeds of my estate, pay for the proper care and veterinary service of my Siamese cat, SINBAD, for the remainder of its natural life.
 {¶ 9} "I further direct, that in the event I predecease my companion, my Siamese cat, SINBAD, that the Erie County Humane Society place it in a loving home where it will be properly loved and provided for."
 {¶ 10} In May 1997, appellants, who are numerous nieces and nephews of Lovett, filed a complaint to contest the will, alleging that the document was invalid because Lovett executed the document under severe pressure or influence of medication and therefore lacked the necessary testamentary capacity. The case eventually was tried to a jury. In October 2000, the jury returned a verdict for appellees, finding that the instrument dated December 6, 1989, was the last will and testament of Ruth Lovett and that it satisfied all legal requirements of a last will and testament. Immediately thereafter, appellants filed a motion for a new trial, which the trial court denied on November 28, 2001. Appellants appealed the denial of their motion and this court affirmed the trial court's judgment on November 8, 2002. See Waldecker, et al. v. Pfefferle, et al., 6th Dist. No. E-02-002, 2002 Ohio 6187.
 {¶ 11} In December 2000, while the motion for a new trial was pending in the trial court, appellants filed a "Complaint for Declaration, Breach and Termination of Trust." In that document, appellants prayed for distribution of Lovett's estate to them. Appellants asserted that Lovett created an express, honorary or intended trust, and/or a "gift with a power of appointment on a condition" with the definite purpose of providing for the care of her cat if she predeceased it. Appellants asked the trial court to declare that the object of the trust had failed by virtue of the cat's death, thereby terminating the trust and requiring its distribution to any residuary legatees and, in the absence of residuary legatees, to Lovett's next-of-kin. Appellants amended their complaint on February 27, 2001, asking for the same relief, and appellees Pfefferle and the Humane Society filed answers individually. On May 25, 2001, the Humane Society filed a motion for summary judgment in which it argued, inter alia, that the amended complaint was barred based on the doctrine of res judicata. Appellants filed a response to appellee's motion as well as their own motion for summary judgment on July 25, 2001.
 {¶ 12} On April 7, 2003, the trial court found that the language of Lovett's will was clear and that there are no genuine issues as to any material facts, and entered summary judgment in favor of appellees. It is from that judgment that appellants appeal.
 {¶ 13} In their first assignment of error, appellants present arguments in support of their claim that Lovett's will created a trust for the care of her cat and that upon the cat's death the trust failed, thus requiring the return of the funds to the estate for residuary distribution. Appellees again argue, as they did in their motion for summary judgment, that this claim is barred by res judicata.
 {¶ 14} This court notes at the outset that in reviewing a motion for summary judgment, we must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 15} The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (known as collateral estoppel). We believe that this case involves the concept of claim preclusion. With regard to the claim preclusion element of res judicata, the Supreme Court of Ohio has stated: "A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them" Norwood v. McDonald (1943),142 Ohio St. 299, paragraph one of the syllabus.
 {¶ 16} Later, in Natl. Amusements, Inc. v. Springdale
(1990), 53 Ohio St.3d 60, 62, the Supreme Court of Ohio expanded upon that concept and stated: "It has long been the law of Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or mighthave been litigated in a first lawsuit.'" (Emphasis sic) (quoting Rogers v. Whitehall [1986], 25 Ohio St.3d 67, 69.) The court in Springdale further declared that "the doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Id.
 {¶ 17} The Supreme Court of Ohio has adhered to its earlier interpretation and applications of the doctrine of res judicata. See Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, paragraph one of the syllabus, holding that under the doctrine of res judicata "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action." See, also, Brown et al. v. City of Dayton etal. (2000), 89 Ohio St.3d 345.
 {¶ 18} Further, the Supreme Court of Ohio has stated that the phrase "claims which might have been litigated" in the first lawsuit has possible misleading connotations and noted that courts "prefer to refer instead to `claims which should have been litigated' in the first lawsuit." Holzemer v. Urbanski (1999),86 Ohio St.3d 129, 133, fn. 2, citing Wilkins v. Jakeway
(S.D.Ohio 1998), 993 F. Supp. 635, 645.
 {¶ 19} Upon review of the case before us, we find that appellants presented the issue of Lovett's will to a jury in 1997 for a determination of whether Lovett possessed the required testamentary capacity when she executed her will. It was only after the jury decided in favor of appellees that appellants presented the new theory that Lovett's will created a trust. The second claim, however, involves the same parties (Lovett's nieces and nephews) and the same transaction (the creation of Lovett's will). By arguing in the second lawsuit that Lovett intended to create a trust, appellants were once again challenging Lovett's thought process when she drafted her will. This claim could have been presented as an alternative argument in the first lawsuit. Appellants exercised their right to challenge the will in 1997 and should not now be permitted to present a claim that should have been litigated in the first lawsuit. Based on the foregoing, this court finds that appellants' argument that Lovett's will created a trust is barred by the doctrine of res judicata and that reasonable minds can only conclude that appellees were entitled to summary judgment as a matter of law. Accordingly, appellants' first assignment of error is not well-taken.
 {¶ 20} Based on the foregoing, we find that appellants' second assignment of error challenging the standard the trial court applied in ruling on their motion for summary judgment is moot and not well-taken.
 {¶ 21} On consideration whereof, this court finds that substantial justice was done the parties complaining, and the judgment of the Erie County Court of Common Pleas, Probate Division, is affirmed. Costs of this appeal are assessed to appellants.
Judgment Affirmed.
Handwork, P.J., Knepper, J. and Pietrykowski, J. Judges, concur.