DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a summary judgment issued in favor of an executor and beneficiary in a will contest by the Erie County Court of Common Pleas, Probate Division. For the reasons that follow, we affirm.
 {¶ 2} The facts of this matter are presented in greater detail in our decisions resulting from three prior considerations of this matter. Bevier v. Pfefferle (Oct. 22, 1999), Erie App. No. E-99-020; Waldecker v. Pfefferle, 6th Dist. No. E-02-002, 2002-Ohio-6187, appeal denied 98 Ohio St.3d 1491, 2003-Ohio-1189;Waldecker v. Erie Co. Humane Society, 6th Dist. No. E-03-022,2004-Ohio-892, appeal denied 102 Ohio St.3d 1485, 2004-Ohio-3069.
 {¶ 3} Appellee John Pfefferle is the executor of the estate of Ruth A. Lovett. When Lovett died in 1996, she bequeathed her entire estate to appellee Erie County Humane Society with the proviso that the humane society care for her Siamese cat, Sinbad.
 {¶ 4} Appellant, John Bevier, is a relative of Lovett who purports to represent other relatives who would benefit should her will not survive a contest. Appellant[1] was among those who instituted a 1998 challenge to Lovett's will. In this matter, the trial court initially granted summary judgment in favor of appellees, but the judgment was overturned on appeal.Bevier v. Pfefferle (Oct. 27, 1999), supra.
 {¶ 5} On remand, the matter proceeded to trial, following which a jury rejected appellant's will challenge, finding that Lovett's will satisfied all the legal requirements as her last will and testament. On appeal, we affirmed the court's judgment on the verdict. Waldecker v. Pfefferle, 2002-Ohio-6187 at ¶ 85.
 {¶ 6} While the appeal was pending, appellant was a party to a "Complaint for Declaration, Breach and Termination of Trust" in which he argued that Lovett's will created a trust for the care of her cat. The trust failed, appellant argued, when Sinbad died and its residue should be distributed to him and the rest of Lovett's surviving next of kin. Waldecker v. Erie Co. HumaneSociety, 2004-Ohio-892, at ¶ 11. Appellees responded with a motion for summary judgment, arguing that appellant's claim was barred by the doctrine of res judicata. When the trial court granted summary judgment appellant again appealed. We affirmed, finding that any issue concerning an intention to create a trust was merely another attack on the will which should have been raised at trial. Id. at ¶ 19. On June 23, 2004, the Supreme Court of Ohio declined to accept the appeal from this decision.Waldecker v. Erie Co. Humane Society, 102 Ohio St.3d 1485,2004-Ohio-3069.
 {¶ 7} On December 10, 2004, appellant initiated the declaratory judgment action which underlies this present appeal. Again appellant asserted that Ruth Lovett's will created a trust for Sinbad, which failed on the cat's death. Again appellant argued that upon the failure of the trust its remainder should have been distributed to Ruth Lovett's heirs at law, including appellant and those he purports to represent. The executor's November 12, 2004 distribution of the remainder of the estate to the Erie County Humane Society, therefore, was improper and appellant sought a declaration to that effect.
 {¶ 8} In response to appellant's complaint, appellees moved for summary judgment, arguing that the issue of a purported trust created by Lovett's will was settled when all of appellant's prior appeals on the trust issue were exhausted. Appellant's case, appellees argued, should be dismissed by virtue of the doctrine of res judicata. Moreover, appellees suggested, institution of the suit was unwarranted in law. Appellees requested that appellant be sanctioned for bringing such frivolous litigation.
 {¶ 9} The trial court granted appellees' motion for summary judgment on the grounds that appellant lacked standing to institute the suit and, in any event, the substitute claim was barred by res judicata. The question of sanctions was reserved. This appeal followed. Appellant sets forth the following four assignments of error:
 {¶ 10} "Assignment of Error No. 1:
 {¶ 11} "The trial court erred in finding that plaintiff John Bevier had no standing where the same is clearly granted by virtue of Ohio Revised Code §§ 2721.05, 2721.02 and 2107.46.
 {¶ 12} "Assignment of Error No. 2:
 {¶ 13} "The trial court erred in granting appellees' motion for summary judgment because issues of construction of specific provisions in the will could not have been raised in the prior will contest or declaratory judgment actions.
 {¶ 14} "Assignment of Error No. 3:
 {¶ 15} "The trial court erred in granting appellees' motion for summary judgment because breach of fiduciary duty could not be raised until after the improper estate distribution actually occurred.
 {¶ 16} "Assignment of Error No. 4:
 {¶ 17} "The trial court erred in granting appellees' motion for summary judgment {because genuine issues of material fact existed regarding appellee Pfefferle's breach of fiduciary duty."
 {¶ 18} As we explained at length in our last decision on this matter, the doctrine of res judicata bars issues or claims which were or could have been raised in prior litigation between the same parties. Waldecker v. Erie Co. Humane Society,2004-Ohio-892, at ¶ 15-18. We held in the Waldecker case that appellant could have raised the trust issue in the will contest, but did not. As a result, res judicata barred further consideration. Id at ¶ 19. The trust issue is no less res judicata now. Appellant's argument that the executor's distribution of the estate, in conformity with the many prior appellate decisions, somehow gives him a second bite at the apple is legal logic attenuated to the point of absurdity.
 {¶ 19} Whether appellant had standing to bring this action is immaterial, because the claim itself is wholly barred. Accordingly, all of appellant's assignments of error are not well-taken. Whether sanctions should be imposed is an issue remaining with the trial court.
 {¶ 20} On consideration whereof, judgment of the Erie County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J., Concur.
[1] Along with Beverly Waldecker, Katherine Boehm, George, Harriet, Frances and Raymond Bevier.