OPINION
{¶ 1} Richard Cramblett appeals the decision of the Harrison County Common Pleas Court ordering him to pay $460.58 per month in child support plus the processing fees. Five issues are presented for review. First, whether the trial court abused its discretion by ordering support in excess of 50% of a person's earnings. Second, whether the trial court abused its discretion in imputing income to Richard. Third, whether the trial court abused its discretion when it did not impute income to Vickie. Fourth, whether the trial court committed error when it did not add Vickie's $739 tax savings based on the Earned Income Credit (EIC) to her gross income. Lastly, whether the trial court committed error when it used the FinPlan software in determining child support. For the following reasons, the judgment of the trial court is affirmed in part, reversed in part and remanded.
 STATEMENT OF CASE {¶ 2} Vickie and Richard Cramblett were married in 1983. Four children resulted from this relationship. In April 2002, Vickie filed for divorce. The divorce was finalized on October 9, 2003. Richard was ordered to pay child support for the children.
 {¶ 3} On February 13, 2004, Richard filed a motion for modification of child support. He claimed that he was unable to meet the current support obligation because he was not employed and the $536.74 per month in child support exceeded the $502.50 he received per month from his pension. A hearing was held on March 18, 2004.
 {¶ 4} Prior to ruling on the aforementioned modification request, the trial court modified the child support order to indicate that the eldest child was emancipated and as of August 24, 2004, whereupon child support for that child was terminated. 10/27/04 J.E. The trial court ordered child support in the amount of $402.55 per month plus 2% processing charge.
 {¶ 5} On November 23, 2004, the trial court issued its judgment entry in response to appellant's modification motion (and various other motions that are not relevant to the current appeal). In the judgment entry, the trial court referenced the October 27, 2004 order and indicated that its previous calculation did not consider the tax consequences of a court order concerning the assignment of dependents for state and federal tax purposes. The court then set the support obligation at $540 per month, plus poundage.
 {¶ 6} Regarding modification, the trial court stated:
 {¶ 7} "The Court finds that Richard Cramblett, Defendant herein, has failed to establish good cause for the Court to modify the support order previously issued herein. The Court considered the testimony of Defendant and finds that his desire to retire at age 57 when he has minor children to support is not a sufficient basis to modify the child support order previously entered herein. Furthermore, the Court finds from Defendant's own testimony that Defendant is employable and has years of experience as a butcher or farmhand."
 {¶ 8} That decision was not appealed.
 {¶ 9} In June 2005, the Harrison County Child Support Enforcement Agency (CSEA) held an Administrative Hearing. CSEA's hearing officer issued her decision on July 11, 2005. CSEA recommended that Richard's child support amount should be $379.87 per month plus the 2% processing fee, a reduction of approximately $160 from the trial court's previous order in November 2004.
 {¶ 10} Vickie filed timely objections to CSEA's decision. A hearing on the objections was held before the Harrison County Common Pleas Court on November 9, 2005. Testimony was taken at this hearing.
 {¶ 11} On December 1, 2005, the trial court issued its opinion. It vacated CSEA's decision and set Richard's child support obligation at $460.58 per month, plus the 2% processing fee, for a total of $469.79. In making this determination, the trial court once again imputed income to Richard. Richard timely appeals raising five assignments of error.
 FIRST ASSIGNMENT OF ERROR {¶ 12} "THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING THE APPELLANT TO PAY CHILD SUPPORT WHICH EXCEEDS 50% OF THE APPELLANT'S NET INCOME."
 {¶ 13} Richard argues that the trial court abused its discretion in ordering him to pay $469.79 in child support. He contends that it is an abuse of discretion to order a support order that exceeds 50% of a person's net income. Richard receives $502.50 per month from his pension; thus, his child support order is over 50% of his net income. To support his argument, he contends that the garnishment laws do not allow a wage withholding order to require an employer to withhold more than 50% of a person's earnings.
 {¶ 14} Richard is correct that a wage withholding order cannot require an employer to withhold more than 50% of a person's earnings. R.C. 3121.03(A)(1)(c), titled Issuance of One or More Withholding or Deduction Notices or Other Orders states:
 {¶ 15} "To the extent possible, the amount specified to be withheld shall satisfy the amount ordered for support in the support order plus any arrearages owed by the obligor under any prior support order that pertained to the same child or spouse, notwithstanding any applicable limitations of sections 2329.66,2329.70, 2716.02, 2716.041, and 2716.05 of the Revised Code. However, in no case shall the sum of the amount to be withheld and any fee withheld by the payor as a charge for its services exceed the maximum amount permitted under section 303(b) of the `Consumer Credit Protection Act,' 15 U.S.C. 1673(b)."
 {¶ 16} The Restriction on Garnishments in15 U.S.C. 1673(b)(2)(A) states:
 {¶ 17} "(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed —
 {¶ 18} "(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and
 {¶ 19} "(B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week;"
 {¶ 20} Thus, a wage withholding order, as the one at issue here, can not deduct, pursuant to a wage withholding order, more than 50% of individuals disposable income. However, there is a vast difference between a wage withholding order and a child support order. There is no statute either in the Ohio Revised Code or in the United States Code that prevents a court from ordering a support amount that is in excess of 50% of a person's earnings.
 {¶ 21} Richard cites to Roach v. Roach (1989)61 Ohio App.3d 315 to support his position that a trial court abuses its discretion by ordering support in excess of 50% of a person's earnings. In Roach, the Eighth Appellate District stated:
 {¶ 22} "Accordingly, we find Assignment of Error No. II to be well-taken. We, therefore, reverse the trial court insofar as it orders Ford Motor Co. to withhold $839.46 from appellant's monthly pension benefits, and instruct the trial court to order withholding of no more than sixty percent of appellant's net disposable income." 61 Ohio App.3d at 322.
 {¶ 23} This holding does not indicate that a trial court cannot order support in an amount in excess of 50% of a person's earnings. Rather, this holding indicates that a trial court cannot order a company to withhold more than the allowable amount by garnishment laws. Thus, in this case while only 50% could be ordered to be withheld, the trial court could still order Richard liable for the remaining amount.
 {¶ 24} A 1994 opinion of the Eighth Appellate District expressed such a notion. It stated:
 {¶ 25} "A review of the record discloses that there is no indication of appellant's disposable income from his employment with the Cleveland Police Department, the employer who was ordered to garnish appellant's wages. In the absence of this calculation, we cannot review the propriety of the garnishment order. Appellee inappropriately accuses appellant of having `conveniently left out' his income from his self and part-time employment. Appellant's income from other sources is not to be considered in the calculation of disposable income because it is only his wages from the city of Cleveland which are subject to the garnishment. Compare, Isley v. Mayfield (1988),61 Ohio App.3d 616, 618 (a judgment creditor could garnish judgment debtor's personal earnings from more than one employer because `[t]he reference in Section 1673[(a)], Title 15, U.S. Code to "aggregate disposable earnings" indicates that the total amount of the disposable earnings of an individual from all employers for any workweek is subject to garnishment'). Appellant remainsobligated to pay the full amount of $963.90 per month as childsupport, but the total amount may not be deducted from his cityof Cleveland wages if this amount exceeds 50% of his disposableincome from that source. See, In re Yeauger (1992),83 Ohio App.3d 493, 500, fn. 3; Bova, slip op. 56118." Bova v. Bova
(June 9, 1994), 8th Dist. No. 65662 (Emphasis Added).
 {¶ 26} Likewise, the Fifth Appellate District has issued a holding similar to Bova. It explained:
 {¶ 27} "We find that the trial court's ordering an amount withheld from husband's wages, which constitutes over seventy-five percent of husband's monthly income, clearly exceeds the withholding limits imposed by R.C. 3113.21(D) and Section 1673(b), Title 15, U.S. Code, and is erroneous. Accordingly, we vacate that portion of the judgment entry/decree of divorce and remand this issue to the trial court to determine, pursuant to this opinion, a modification of husband's wage withholdings for spousal support and child support to comply with state and federal withholding limits.
 {¶ 28} "Husband's first cross-assignment of error is sustained. {¶ 29} "Although we find that the trial court erred in ordering withholdings in excess of the limits established by Ohio and federal law, we do not find that the trial court abusedits discretion in ordering husband to pay combined support inexcess of fifty percent of his net income. The withholding limitsimposed by R.C. 3113.21 and Section 1673(b), Title 15, U.S. Codedo not impose limitations on a trial court's ability to ordersupport in excess of those limits, but only restricts the trialcourt's ability to order wage withholdings beyond those limits."Arthur v. Arthur (1998), 130 Ohio App.3d 398, 410-411 (Emphasis Added).
 {¶ 30} We agree with our sister districts; as long as the garnishment order did not exceed the amount of garnishment allowable by state and federal law, there is no reason to reverse the holding. In paragraph three of the judgment entry it states:
 {¶ 31} "All child support under this order shall be withheld or deducted from the income or assets of the Obligor pursuant to a withholding or deduction notice or appropriate court order or withdraw directive issued pursuant to and in accordance with Chapter 3119 of the Revised Code."
 {¶ 32} Thus, the language of this order requires the full support obligation to be withheld. As stated above, the garnishment laws allow at most 50% of his disposable income to be withheld. As this court is not conclusively aware of appellant's disposable income, the trial court's judgment is reversed and remanded. On remand the trial court is to determine the amount of appellant's total disposable earnings from his pension. A withholding order should then be put in place which complies with R.C. 3121.03 and 15 U.S.C. 1673. This assignment of error has merit, but only to the extent to ensure that the garnishment laws are followed.
 SECOND ASSIGNMENT OF ERROR {¶ 33} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY IMPUTING INCOME TO APPELLANT, WHO IS RETIRED, IN CALCULATING CHILD SUPPORT."
 {¶ 34} Richard argues that the trial court's finding that he was voluntarily underemployed and imputing income to him for purposes of computing child support amounted to an abuse of discretion. After reviewing the record it is deemed that Richard has waived this issue. In a previous child support order dated November 23, 2004, the trial court imputed income to Richard. Despite Richard's arguments to the contrary, the trial court determined that Richard had voluntarily decided to retire. Thus, Richard was found voluntarily underemployed and income was imputed to him. Richard did not appeal from that final appealable order.
 {¶ 35} Now, Richard appeals from the trial court's December 1, 2005 judgment that is a reinstatement of its previous November 23, 2004 order, which CSEA independently reviewed and altered. The December 1, 2005 judgment, like the November 23, 2004 judgment imputes income to Richard. Admittedly, the November 23, 2004 judgment and the December 1, 2005 judgment impute different amounts of income to Richard. (In the November 23, 2004 judgment $16,640 was his imputed income. In the December 1, 2005 judgment $13,312 was his imputed income.) However, Richard is not arguing that the amount of imputed income is incorrect, rather, he is arguing that income should not have been imputed to him. That argument is barred by res judicata.
 {¶ 36} The doctrine of res judicata bars issues or claims which were or could have been raised in prior litigation between the same parties. Waldecker v. Erie Cty. Humane Soc., 6th Dist. No. E-03-22, 2004-Ohio-892, ¶ 15-18. The issue of whether income should have been imputed to Richard could have been raised by appealing the November 23, 2004 order. Yet, Richard failed to invoke that right. Therefore, the argument is waived because it could have been raised by appealing the first imputed income judgment. Accordingly, we find no merit with this assignment of error.
 THIRD ASSIGNMENT OF ERROR {¶ 37} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO ASCERTAIN THE RELATIVE EARNING ABILITY OF APPELLEE AND IN FAILING TO IMPUTE INCOME TO APPELLEE IN CALCULATING CHILD SUPPORT."
 {¶ 38} Richard argues that Vickie should have been found to be voluntarily underemployed. His reasoning is based upon her testimony that now she is making $6 an hour but before she was making $24,000 a year at her previous job.
 {¶ 39} In deciding if an individual is voluntarily underemployed "[t]he test is not only whether the change was voluntary, but also whether it was made with due regard to the obligor's income-producing abilities and her or his duty to provide for the continuing needs of the child or children concerned." Woloch v. Foster (1994), 98 Ohio App.3d 806, 811. Further, the trial court must weigh the facts and circumstances of each particular case in determining whether a parent is voluntarily underemployed. Rock v. Cabral (1993),67 Ohio St.3d 108.
 {¶ 40} Vickie's testimony establishes that she did not voluntarily leave her employment, and she has continuously looked for employment in her field. Vickie testified that she has an Associates Degree in drafting and design — mechanical drawing, but is not currently working in that area. She stated that she did not choose to voluntarily leave her employment; rather, she was laid off because of company downsizing. Tr. 31. She further testified that she has sent resumes out in her field (drafting and design) every week and has gone out on multiple interviews. Tr. 31-32. She indicated the names of the companies she interviewed with and stated that she always came in second place for the jobs. Tr. 32. Her testimony was not disputed.
 {¶ 41} The trial court was in the best position to determine whether or not to believe her. Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80. Thus, given the undisputed testimony and the trial court's position, we cannot find that the trial court abused its discretion when it did not impute income to Vickie. This assignment of error lacks merit.
 FOURTH ASSIGNMENT OF ERROR {¶ 42} "THE TRIAL COURT ERRED IN CALCULATING CHILD SUPPORT BY FAILING TO INCLUDE APPELLEE'S EARNED INCOME CREDIT AS GROSS INCOME."
 {¶ 43} In the December 1, 2005 judgment entry, the court indicated that Vickie would be permitted to claim all three children as dependents for income tax dependency purposes. This is different from the CSEA order and the November 23, 2004 order which stated that Vickie could claim one child while Richard could claim the other two.
 {¶ 44} The December 1, 2005 judgment entry explains the trial court's reasoning in ordering that Vickie gets the benefit of claiming all three children.
 {¶ 45} "The Court has studied the tax consequences of providing one party or the other with the right to claim one or more children as dependents for income tax purposes using the FinPlan software. Regardless of the Court's findings concerning Defendant's income potential, it is clear that Defendant has experienced reduced income in 2005 and this will eliminate the tax benefits he would otherwise receive by claiming one or more of the children as dependents for income tax purposes. Defendant's income is substantially reduced from what was projected by the Court, therefore, he will not benefit from the use of tax/exemptions/deductions for `dependant' children in 2005.
 {¶ 46} "It is appropriate to grant Plaintiff the right to claim all three of the children at home as dependants for purposes of state and federal income taxes for the year 2005. An analysis of the tax consequences of such an order is attached as Exhibit 2. This analysis using the FinPlan software establishes that Plaintiff will realize a tax savings of $739.00 by claiming the three children as dependents for tax purposes." 12/01/05 J.E.
 {¶ 47} Richard does not argue that the trial court's determination that Vickie can claim all three children was incorrect. Rather, he argues that the trial court should have added the $739 for the dependent savings to her gross income when computing child support. Richard cites Harbour v. Ridgeway,
10th Dist. No. 04AP-350, 2005-Ohio-2643, in support of his argument.
 {¶ 48} In Harbour, the Tenth Appellate District stated that "any portion of a tax refund received as a result of a parent having taken advantage of the EIC should be included in a parent's gross income for purposes of calculating child support under former R.C. 3113.215(A)(1)." Harbour, 10th Dist. No. 04AP-350, 2005-Ohio-2643, 41 (emphasis added) (discussing at length EIC and determining that a refund based on EIC would constitute income purposes of computing child support in ¶ 24-41).
 {¶ 49} In the matter at hand, the trial court stated that Vickie would receive a $739 tax savings by claiming all three children. The trial court did not state that Vicki would receive a refund. A tax refund means one will actually get money from the government; a tax savings does not connote such action, but instead means an offset. Harbour, ¶ 24 (stating "`Unlike certain other credits, which can be used only to offset tax that would otherwise be owed [in other words, credits that cannot take one's tax liability below zero], the earned-income credit is "refundable." Thus, if an individual's earned-income credit exceeds his tax liability, the excess amount is "considered an overpayment" of tax * * * [.] * * * An individual who is entitled to an earned-income credit that exceeds the amount of tax he owes thereby receives the difference as if he had overpaid his tax in that amount.' Sorenson v. Secretary of Treasury (1986),475 U.S. 851, 854-855."). As a tax savings is not the same as a refund and the Harbour holding only references refunds attributable to EIC, the tax savings does not have to be added as income.
 {¶ 50} Furthermore, Vickie has never received EIC credit; this is the first time she will be able to claim all three children. Consequently, we do not know if she will receive a refund and how much of that refund is attributable to EIC. Thus, Richard's argument is premature. This assignment of error lacks merit.
 FIFTH ASSIGNMENT OF ERROR {¶ 51} "THE TRIAL COURT ERRED WHEN IT IMPROPERLY USED THE FINPLAN SOFTWARE TO CALCULATE ITS TAX DEPENDENCY AND CHILD SUPPORT ORDERS."
 {¶ 52} The trial court used the FinPlan software to determine child support in the November 23, 2004 entry and in the December 1, 2005 entry. Richard's last argument contends that use of the FinPlan software is reversible error.
 {¶ 53} In short, Richard contends that the Ohio Revised Code and the Ohio Supreme Court have stated that in determining child support, the trial court is required to use the corresponding worksheets. Since, in the statute and case law there is no indication that the FinPlan software is acceptable to use, he contends that it is reversible error to use such software.
 {¶ 54} This argument is unpersuasive. Attached to the December 1, 2005 order is a child support worksheet which is identical in form to ones mandated by R.C. 3119.022 (formerly R.C. 3113.215). Thus, the worksheet was completed and made a part of the record in conformity with the Supreme Court's mandate inMarker v. Grimm (1992), 65 Ohio St.3d 139, syllabus.
 {¶ 55} Furthermore, the trial court's use of the FinPlan software as a means to calculate tax exemptions and child support orders, does not alter the worksheet. Many appellate districts have acknowledged the use of the FinPlan software when determining spousal and/or child support. Ridgeway v. Ridgeway,
7th Dist. No. 04HA570, 2005-Ohio-6444; Carroll v. Carroll, 5th Dist. No. 2004-CAF-05035, 2004-Ohio-6710; Gockstetter v.Gockstetter (June 23, 2000), 6th Dist. No. E-98-078. The Ninth Appellate District has indicated that many trial courts in that district use the FinPlan software for calculation of spousal support; it has found no fault with such use. Lumpkin v.Lumpkin, 9th Dist. No. 21305, 2003-Ohio-2841; Carter v.Carter, 9th Dist. No. 21156, 2003-Ohio-240. It explained, "A FinPlan analysis is a computer generated calculation performed by the trial court that determines the amount of money each spouse contributes to the household." Lumpkin, 2003-Ohio-2841, at fn. 4.
 {¶ 56} Considering the above, we find no fault with the trial court's use of the FinPlan software. This assignment of error lacks merit.
 {¶ 57} For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part and remanded. The trial court's order stating that the full amount of child support, $469.79, is to be withheld from Richard's income is reversed and remanded. On remand the trial court is to determine the amount of appellant's total disposable earnings from his pension. A withholding order should then be put in place which complies with R.C. 3121.03 and 15 U.S.C. 1673. All other determinations made by the trial court are affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.