[Cite as *Hoch v. Carr*, 2012-Ohio-1445.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| ALLISON HOCH | | C.A. No. 26097 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRYAN H. CARR | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. 2007-12-3926 |

DECISION AND JOURNAL ENTRY

Dated: March 30, 2012

---

DICKINSON, Judge.

INTRODUCTION

{¶1} Allison Hoch and Bryan Carr divorced in January 2008 after seven years of marriage. They have two minor children, one born in January 2003 and the other in April 2005. In March 2009, Mr. Carr moved to modify the child support order. The parties agreed to submit the issue to the trial court on written briefs and, in August 2010, a magistrate entered a decision reducing Mr. Carr's child support obligation from $1079 to $600. Ms. Hoch objected to the magistrate's decision, and, in August 2011, the trial court determined that Mr. Carr should pay $882 per month in child support, retroactive to the date of his motion. Mr. Carr has appealed, arguing that the trial court incorrectly failed to find that Ms. Hoch is voluntarily underemployed, incorrectly cited facts not in evidence, and incorrectly failed to deviate from the child support guidelines. We affirm because whether Ms. Hoch is voluntarily underemployed is an issue that Mr. Carr could have raised at the time of the parties' divorce and the trial court exercised proper

discretion when it determined that a downward deviation in child support was not appropriate under the facts of this case.

## VOLUNTARILY UNDEREMPLOYED

{¶2} Mr. Carr's first assignment of error is that the trial court incorrectly failed to find that Ms. Hoch is voluntarily underemployed and, thus, impute income to her for purposes of the court's child support calculation. Under Section 3119.01(C)(5)(b) of the Ohio Revised Code, the "[i]ncome" of a parent who is unemployed or underemployed is "the sum of the gross income of the parent and any potential income of the parent." "Whether a parent is 'voluntarily underemployed' . . . and the amount of 'potential income' to be imputed to [her], are matters to be determined by the trial court based upon the facts and circumstances of each case." *Rock v. Cabral*, 67 Ohio St. 3d 108, syllabus (1993). Whether a parent is voluntarily underemployed is a question of fact that this Court reviews "for some competent, credible evidence." *Knouff v. Walsh-Stewart*, 9th Dist. No. 09CA0075, 2010-Ohio-4063, at ¶ 27. "The burden of proof is on the parent who is claiming that the other is voluntarily underemployed." *Id.*

{¶3} According to Mr. Carr, Ms. Hoch has been employed as a registered nurse for 10 years. He has asserted that, instead of seeking a full-time job, she works only 21.8 hours per week, mainly from home. He has argued that, based on the high demand for registered nurses in the area, she could be earning $61,000 or even $73,000 instead of $40,000, which is what she earned in 2009. He has argued that the evidence that he submitted with his trial court brief established that she is voluntarily underemployed.

{¶4} The doctrine of res judicata prevents this Court from considering an argument that could have been, but was not, raised in prior litigation between the parties. *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382 (1995). Ms. Hoch presented evidence that was not disputed by

Mr. Carr that she has been at her current position since 2005. The parties jointly filed for divorce in 2007. Mr. Carr did not argue that Ms. Hoch was voluntarily underemployed at the time of their divorce.

**{¶5}** Res judicata does not apply to the issue of voluntary underemployment if there has been a change in circumstances regarding the parties' ability to work. *Woods v. Woods*, 9th Dist. No. 17935, 1997 WL 303660 at *7 (May 21, 1997) (concluding that res judicata did not apply to voluntarily unemployed determination because father "was no longer precluded from working due to his injured knee."). In his brief to the trial court, Mr. Carr asserted that Ms. Hoch accepted her current position with the reduced hours "[u]pon the birth of [their] second child." He argued, however, that, as of August 2010, "both children will attend school on a full time basis." He also relied on *Justice v. Justice*, 12th Dist. No. CA2006-11-134, 2007-Ohio-5186, a case in which the Twelfth District Court of Appeals upheld the trial court's determination that Maureen Justice was voluntarily underemployed because she did not seek full-time employment after the parties' children started going to school full-time. *Id*. at ¶ 10.

**{¶6}** This Court has held that, "[if] a party moves to modify an existing child-support order, . . . the trial court is limited to determining the child support obligation as of the time the motion was filed." *Berthelot v. Berthelot*, 154 Ohio App. 3d 101, 2003-Ohio-4519, ¶ 10 (9th Dist.). Mr. Carr moved to modify the child support order in March 2009. At the time of his motion, the parties' youngest child was only 3 years old, still approximately 18 months away from starting all-day kindergarten. We, therefore, conclude that, at the time Mr. Carr moved to modify the support order, there had not been a change in circumstances sufficient to prevent the doctrine of res judicata from applying to his claim that Ms. Hoch was voluntarily underemployed. Upon review of the record, we conclude that, because Mr. Carr could have

argued that Ms. Hoch was voluntarily underemployed at the time that the parties filed for divorce and because there had not been a change of circumstances in the parties' ability to work at the time he filed his motion, Mr. Carr's argument is barred by the doctrine of res judicata. *See Cramblett v. Cramblett*, 7th Dist. No. 05 HA 581, 2006-Ohio-4615, at ¶ 36 (concluding that doctrine of res judicata barred father's argument that wife was voluntarily underemployed); *Petralia v. Petralia*, 11th Dist. No. 2002-L-047, 2003-Ohio-3867, at ¶ 18 (similar). Mr. Carr's first assignment of error is overruled.

## IMPROPER FACTS

{¶7} Mr. Carr's second assignment of error is that the trial court incorrectly considered facts not in evidence when it determined whether Ms. Hoch was voluntarily underemployed. Because Mr. Carr's voluntary underemployment argument was barred by the doctrine of res judicata, we conclude that any reference by the trial court to facts not in evidence regarding its determination of that issue was harmless error. Civ. R. 61. Mr. Carr's second assignment of error is overruled.

## CHILD SUPPORT DEVIATION

{¶8} Mr. Carr's third assignment of error is that the trial court incorrectly failed to order a deviation in child support. He has argued that it was appropriate for the court to deviate from the worksheet calculation because he has equal parenting time with Ms. Hoch, including 50% of the time that the children are awake each week, every other weekend, and 50% of the summer. He has also argued that he bears an equal financial responsibility for the day-to-day costs of raising the children, including the cost of a home, meals, medical expenses, dental expenses, entertainment, and enrichment activities. He has further argued that he is responsible for maintaining separate clothing and necessities for the children.

{¶9} At the time the parties divorced, they agreed to shared parenting. If a court that has issued a shared parenting order concludes that a child support order based on a calculation under the standard schedule and worksheet "would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code, the court may deviate from that amount." R.C. 3119.24(A). "For the purposes of [Section 3119.24(A)], 'extraordinary circumstances of the parents' includes all of the following: (1) [t]he amount of time the children spend with each parent; (2) [t]he ability of each parent to maintain adequate housing for the children; (3) [e]ach parent's expenses, including child care expenses, school tuition, medical expenses, dental expenses, and any other expenses the court considers relevant; [and] (4) [a]ny other circumstances the court considers relevant." R.C. 3119.24(B). This Court has held that, although Section 3119.24(A) gives a court discretion to deviate from the amount of child support calculated by the schedule and worksheet, it must consider the circumstances listed in Section 3119.24(B) before it may do so. *Irish v. Irish*, 9th Dist. No. 10CA009810, 2011-Ohio-3111, ¶ 17. It may also consider the factors listed in Section 3119.23. *Id*. at ¶ 18.

{¶10} The trial court noted that Mr. Carr has companionship time with the parties' children in accordance with the standard parenting time schedule except that he has two midweek evening visits instead of one and has the children for half of their summer break instead of four weeks. It found that, although that was more time than usual, the increase did not constitute an equal distribution of the children's time to each parent. It also found that, given the disparity in the parties' income, a downward deviation in child support was not warranted.

**{¶11}** Mr. Carr has argued that, if you do not include the time that the parties' children are sleeping or are in school, he has almost equal parenting time to Ms. Hoch. He has ignored the fact that, at the time he moved to modify the support order, one of the children was not in school. We also note that, according to the trial court's child support worksheet, Mr. Carr's adjusted gross income was approximately $26,500 more than Ms. Hoch's. After adjusting for child support and taxes, the worksheet indicated that Mr. Carr's cash to meet living expenses was $44,419 and Ms. Hoch's was $44,903, a monthly difference of $40. Considering that Ms. Hoch has the children for a longer period of time each month than Mr. Carr, we conclude that the trial court exercised proper discretion when it determined that the facts of this case did not present extraordinary circumstances such that it would be unjust to order support under the standard schedule and worksheet. Mr. Carr's third assignment of error is overruled.

CONCLUSION

**{¶12}** Mr. Carr's argument that Ms. Hoch is voluntarily underemployed is barred by the doctrine of res judicata. The trial court exercised proper discretion by refusing to deviate downward when it ordered child support. The judgment of the Summit County Common Pleas Court, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
BELFANCE, J.
CONCUR

APPEARANCES:

MARY E. RANDAZZO, Attorney at Law, for Appellant.

EMILY M. HETE, Attorney at Law, for Appellee.